COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JEROME GORDON, | | No. 08-07-00281-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 195th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC # F-0747797-N) |
| | § | |

## O P I N I O N

Jerome Gordon appeals his conviction of possession of more than one gram but less than four grams of cocaine with intent to deliver, enhanced by a prior felony conviction. Appellant entered a plea of guilty before the jury and the trial court conducted a unitary proceeding to determine both guilt and punishment. TEX.CODE CRIM.PROC.ANN. art. 26.14 (Vernon 2009); *see Frame v. State*, 615 S.W.2d 766, 767 (Tex.Crim.App. 1981). The jury found Appellant guilty, found the enhancement paragraph true, and assessed his punishment at imprisonment for a term of seventeen years. We affirm.

### FACTUAL SUMMARY

Prior to voir dire, Appellant pled guilty to the indictment and true to the enhancement paragraph. The court admonished Appellant that the range of punishment was imprisonment for a minimum term of five years up to a life sentence or 99 years. Appellant understood the range of punishment that would be available to the jury and he also understood that he was not eligible for probation. The court also admonished Appellant regarding the consequences of pleading guilty before the jury. Appellant assured the court that he understood the consequences. The court

accepted Appellant's guilty plea and plea of true, finding they were knowingly and voluntarily made. Still outside the jury's presence, the State offered into evidence State's Exhibit 1 which is a written document containing Appellant's judicial confession, stipulation of evidence, and plea of true to the enhancement paragraph. The trial court admitted State's Exhibit 1. The court then proceeded with voir dire and a jury was selected. Appellant entered his pleas before the jury.

The State also introduced evidence relevant to punishment. Gerardo Huante, a Dallas police officer, was assigned to the Narcotics Division Street Squad which deals with street level drugs and narcotics. The Street Squad generally works undercover and responds to complaints from citizens about drugs. In response to a citizen complaint, Huante went to an apartment complex in Dallas in January 2007. Appellant approached Huante in the parking lot and asked him what he was looking for. Huante understood that Appellant wanted to know what kind of drugs he wanted to buy, and he replied, "crack." Appellant sold crack cocaine to Huante. Approximately one week later, Huante and another officer went back to the apartment complex and saw Appellant standing in front of an apartment door while another individual was selling drugs. Appellant was "controlling" the door, meaning that he determined who went into the apartment to purchase drugs. Huante did not buy drugs from Appellant on that occasion but the officer who was with him obtained a search warrant for the apartment. Officer Barry Ragsdale, along with other officers, participated in the execution of the search warrant. They found Appellant and a woman sitting on a couch in the apartment. The police seized 2.7 grams of crack cocaine and some marihuana. The crack cocaine was not a single rock but had been cut up in smaller pieces so that it could be re-sold.

In addition to State's Exhibit 1, the State introduced several exhibits showing Appellant's prior criminal convictions, including the conviction alleged in the enhancement paragraph. Appellant had three convictions of evading arrest. He had been convicted of possession of cocaine

in 2000 and 2001. He had also been convicted of possession of cocaine with intent to deliver in 2005.

The jury found Appellant guilty, found the enhancement paragraph true, and assessed his punishment at imprisonment for seventeen years. This appeal follows.

## FACTUAL SUFFICIENCY

In Point of Error One, Appellant challenges the factual sufficiency of the evidence to support his conviction. The entry of a valid guilty plea has the effect of admitting all material facts alleged in the formal criminal charge. *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex.Crim.App. 1986); *McGill v. State*, 200 S.W.3d 325, 330 (Tex.App.--Dallas 2006, no pet.). The State is no longer required to prove his guilt beyond a reasonable doubt. *See id.*; *McGill*, 200 S.W.3d at 330. When a defendant waives his right to a jury trial and chooses to plead guilty or *nolo contendere*, the State must introduce sufficient evidence to support the guilty verdict. TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon 2005). This statute does not apply when the defendant enters a plea of guilty to a felony case before the jury. In felony cases, a plea of guilty before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex.Crim.App. 1988). Appellant is not entitled to factual sufficiency review of the evidence supporting his conviction because his plea of guilty had the effect of admitting all necessary elements to establish guilt and relieving the State of its burden of proof. Even if Article 1.15 applied in this case, the State introduced into evidence Appellant's judicial confession wherein Appellant admitted that he had intentionally and knowingly possessed with intent to deliver cocaine in the amount of more than one gram but less than four grams. Point of Error One is overruled.

**WITHDRAWAL OF GUILTY PLEA**

In Point of Error Two, Appellant asserts that the trial court should have, on its own motion, withdrawn the guilty plea because evidence was introduced which cast doubt on Appellant's guilt. He cites *Griffin v. State*, 703 S.W.2d 193 (Tex.Crim.App. 1986) in support of his argument. *Griffin* holds that when the defendant enters a guilty plea before a jury and evidence is introduced which reasonably and fairly raises an issue as to the innocence of the accused, and the evidence is not withdrawn, the defendant's guilty plea must be withdrawn and a plea of not guilty must be *sua sponte* entered by the court. *Id.* at 195. More recently, the Court of Criminal Appeals has held that while a defendant has a right to change his plea of guilty to not guilty when evidence is introduced in a jury trial that is inconsistent with guilt, the trial court has no duty to change the plea on its own motion. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex.Crim.App. 2004). Instead, the defendant must make a timely request[1] to withdraw his guilty plea. *Id.* Appellant did not move to withdraw his guilty plea at any time during the proceedings below. Therefore, his complaint is without merit. Point of Error Two is overruled.

**CRUEL AND UNUSUAL PUNISHMENT**

In Points of Error Three and Four, Appellant argues that his sentence violates his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, §19 of the Texas Constitution because the sentence is grossly disproportionate to the offense. Appellant's brief does not contain any argument or authority related to the protection provided by the Texas Constitution or explaining how that protection differs from

---

[1] In a trial before a jury, the defendant may change the plea from guilty to not guilty at any time before the jury retires to deliberate its verdict. *McWherter v. State*, 571 S.W.2d 312 (Tex.Crim.App. 1978).

the protection provided by the United States Constitution. State and federal constitutional claims should be argued in separate grounds, with separate substantive analysis or argument provided for each ground. *Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993); *Heitman v. State*, 815 S.W.2d 681, 690-91 n.23 (Tex.Crim.App. 1991). Because Appellant has inadequately briefed the issue related to Article I, §19, nothing is presented for our review. *See Muniz*, 851 S.W.2d at 251-52; TEX.R.APP.P. 38.1(h).

Turning to the Eighth Amendment issue, we note Appellant did not object when the court imposed sentence nor did he raise the issue in a motion for new trial. As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless the grounds were apparent from the context. TEX.R.APP.P. 33.1(a)(1). This requirement applies to a complaint that a sentence is grossly disproportionate and violates the defendant's constitutional right to be free from cruel and unusual punishment. *See Noland v. State*, 264 S.W.3d 144, 151-52 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex.App.--Houston [1st Dist.] 2006, no pet.); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986)(defendant may not assert error pertaining to his sentence or punishment when he failed to object or otherwise raise such error in the trial court). Points of Error Three and Four are overruled. The judgment of the trial court is affirmed.

December 22, 2009

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)